# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 14-1220V
## Filed: March 10, 2015
## Not for Publication

```
* * * * * * * * * * * * * * * * * * * * * * * * *
BRANDY ROJAS                          *
                                      *
                  Petitioner,         *
                                      *
v.                                    *
                                      *
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                  Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Ruling on Entitlement; Concession;
Trivalent Influenza Vaccine
("flu"); Shoulder Injury Related to
Vaccine Administration ("SIRVA");
Special Processing Unit ("SPU")

Samantha P. Travis, Kalispell, MT, for petitioner.
Alexis Babcock, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On December 22, 2014, Brandy Rojas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of a trivalent influenza ("flu") vaccination on October 29, 2013, petitioner suffered cause-in-fact injuries to her left shoulder including Complex Regional Pain Syndrome ("CRPS") and Myofasical Pain Syndrome. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 6, 2015 respondent filed her Rule 4(c) Report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case for a

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Shoulder Injury Related to Vaccine Administration ("SIRVA").  Respondent's Report at 5.  Specifically, respondent submits that "Ms. Rojas suffered a Shoulder Injury Related to Vaccine Administration, a non-Table injury, and that the preponderance of the medical evidence indicates that the injury was causally related to the vaccination. Therefore, compensation is appropriate." [3] *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Respondent does not concede that petitioner suffered from CRPS as a result of her vaccination as alleged in the petition.  *See*, Respondents Report, p. 5, fn. 4.  Nonetheless, respondent indicated in her report that petitioner's symptoms alleged to be CRPS are consistent with the conceded SIRVA injury and are considered to be part of that injury.  (*Id.*)  Petitioner has reserved the right to argue the validity of petitioner's CRPS diagnosis during the damages phase should it become an issue with regard to determining the amount of damages in this case. Respondent has consented to that reservation of rights.