# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
#### No. 14-1220V
#### Filed: June 24, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BRANDY ROJAS, | \* | |
| | \* | |
| Petitioner, | \* | Damages Decision Based on Proffer; |
| v. | \* | Influenza; |
| | \* | Shoulder Injury ("SIRVA"); |
| SECRETARY OF HEALTH | \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Samantha Travis, Bryan & Travis, PLLP, Kalispell, MT, for petitioner.*
*Alexis Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 22, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleged that as a result of receiving a trivalent influenza ("flu") vaccination on October 29, 2013, petitioner suffered cause-in-fact injuries to her left shoulder including Complex Regional Pain Syndrome ("CRPS") and Myofasical Pain Syndrome.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 10, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for a Shoulder Injury Related to Vaccine Administration ("SIRVA").  On June 24, 2016, respondent filed a proffer on award of compensation ("Proffer")

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

accompanied by Appendix A: Items of Compensation for Brandy Rojas.  The Proffer indicates that petitioner should be awarded the following:

- $175,000.00 in actual and projected pain and suffering; and

- $1,511.34 for past unreimbursable medical expenses; and

- $10,696.65 to satisfy a lien for services rendered for her vaccine-related injury by Professional Therapy Associates/Kalispell Rehabilitation Associates, Inc., P.C. ("PTA/KRA") from December 17, 2013 to April 21, 2014; and

- $14,358.00 for life care expenses expected to be incurred during the first year after judgment; and

- An amount sufficient to purchase an annuity as described in paragraph II(C) of the proffer that will provide payments for the life care items contained in the life care plan for the second year after judgment and all subsequent years.

Proffer at 2-3.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following:**

- **A lump sum payment of $190,869.34, representing compensation for life care expenses expected to be incurred during the first year after judgment ($14,358.00), pain and suffering ($175,000.00), and past unreimbursable expenses ($1,511.34), in the form of a check payable to petitioner, Brandy Rojas;**

- **A lump sum payment of $10,696.65, representing compensation for satisfaction of the outstanding PTA/KRA lien against petitioner, payable jointly to petitioner and**
  **PTA/KRA**
  **1234 Whitefish Stage Road**
  **Kalispell, Montana 59901**
  **ID# 9314[3];**

- **An amount sufficient to purchase the annuity contract described in the Proffer Section II.C.** This amount represents all remaining elements of compensation to which petitioner would be entitled under § 300aa-15(a).

.

---

[3] Petitioner agrees to endorse this payment to PTA/KRA.

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| BRANDY ROJAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 14-1220V |
| | ) | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN | ) | ECF |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

I.      **Items of Compensation**

      A.      Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Liz Kattman, MS, to provide an estimation of Brandy Rojas's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed March 6, 2015.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Brandy Rojas, attached hereto as Tab A.[1]  Respondent proffers that Brandy Rojas should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.    Lost Earnings

The parties agree that based upon the evidence of record, Brandy Rojas has not suffered a past loss of earnings and will not suffer a loss of earnings in the future.  Therefore, respondent proffers that Brandy Rojas should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that Brandy Rojas should be awarded $175,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,511.34.  Petitioner agrees.

Evidence supplied by petitioner documents an outstanding lien claimed against her for services rendered for her vaccine-related injury by Professional Therapy Associates/Kalispell Rehabilitation Associates, Inc., P.C. ("PTA/KRA") from December 17, 2013 to April 21, 2014. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $10,696.65 in order to satisfy the PTA/KRA lien, which amount shall be payable jointly to petitioner and PTA/KRA.  Petitioner agrees.

E.    Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens against her.

## II.   Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A.   A lump sum payment of $190,869.34, representing compensation for life care expenses expected to be incurred during the first year after judgment ($14,358.00), pain and suffering ($175,000.00), and past unreimbursable expenses ($1,511.34), in the form of a check payable to petitioner, Brandy Rojas.

B.   A lump sum payment of $10,696.65, representing compensation for satisfaction of the outstanding PTA/KRA lien against petitioner, payable jointly to petitioner and

PTA/KRA
1234 Whitefish Stage Road
Kalispell, Montana 59901
ID# 9314

Petitioner agrees to endorse this payment to PTA/KRA.

C.   An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2]   Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]   In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]   The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

     a.   A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

     b.   Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Brandy Rojas, only so long as she is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.    Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.    Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Brandy Rojas, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Brandy Rojas's death.

---

c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

3.     <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.     Summary of Recommended Payments Following Judgment**

A.     Lump sum paid to petitioner, Brandy Rojas:                    **$190,869.34**
B.     PTA/KRA lien payable jointly to petitioner and PTA/KRA:        **$  10,696.65**
C.     An amount sufficient to purchase the annuity contract described
       above in section II. C.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

<u>S/*Alexis B. Babcock*</u>
Alexis B. Babcock
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-7678

Dated: June 24, 2016

**Appendix A:  Items of Compensation for Brandy Rojas**                         Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-13 | Compensation Years 14-28 | Compensation Years 29-33 | Compensation Years 34-Life |
|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2028 | 2029-2043 | 2044-2048 | 2049-Life |
| Insurance MOP | 5% | | | 1,250.00 | 1,250.00 | 1,250.00 | | |
| Prescription Deductible | 5% | | | 200.00 | 200.00 | 200.00 | | |
| Medicare Part B Deductible | 5% | * | | | | | | |
| Medigap F | 5% | | M | | | | 2,226.00 | 2,226.00 |
| Medicare Part D | 5% | | M | | | | 441.72 | 441.72 |
| Pain Mngt | 5% | * | | | | | | |
| Stellate Ganglion Block | 5% | * | | | | | | |
| Calmare Treatment | 5% | | | 1,500.00 | | | | |
| Clonazepam | 5% | * | | 120.00 | 120.00 | 120.00 | | |
| Nortriptyline | 5% | * | | 120.00 | 120.00 | 120.00 | | |
| Compound Topical Solution | 5% | * | | 840.00 | 840.00 | 840.00 | | |
| Personal Assistance | 4% | | M | 7,644.00 | 7,644.00 | 12,012.00 | 12,012.00 | 15,288.00 |
| Ancillary Services | 4% | | | 798.00 | 798.00 | 798.00 | 798.00 | 798.00 |
| Counseling | 4% | * | | | | | | |
| Case Mngt | 4% | | | 1,284.00 | 1,284.00 | 1,284.00 | 1,284.00 | 1,284.00 |
| PT Eval | 4% | * | | | | | | |
| PT | 4% | * | | | | | | |
| Gym | 4% | | | 552.00 | 492.00 | 492.00 | 492.00 | 492.00 |
| Symptom Mngt Supplies | 4% | | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| TENS | 4% | * | | | | | | |
| Pain and Suffering | | | | 175,000.00 | | | | |
| Past Unreimbursable Expenses | | | | 1,511.34 | | | | |
| PTA/KRA Lien | | | | 10,696.65 | | | | |
| Annual Totals | | | | 201,565.99 | 12,798.00 | 17,166.00 | 17,303.72 | 20,579.72 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($14,358.00), pain and suffering ($175,000.00), and past unreimbursable expenses ($1,511.34): $190,869.34.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and the PTA/KRA, as reimbursement of the provider's lien: $10,696.65.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
In respondent's discretion, items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.